UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-02254-HDV-E | Date | May 8, 2026 |
| Title | *Stephani Espinoza Fontalvo v. Director, Adelanto ICE Processing Center et al* | | |

Present: The Honorable    Hernán D. Vera, United States District Judge

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):          Attorney(s) Present for Defendant(s):

Not Present                    Not Present

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PRELIMINARY INJUNCTION AND PETITION FOR HABEAS CORPUS REQUIRING RELEASE [1, 3]**

Petitioner Stephani Espinoza Fontalvo, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus, ("Petition") [Dkt. 1], and an Emergency Motion for Temporary Restraining Order and Stay of Removal, ("Application") [Dkt. 3], on April 30, 2026. She asks this Court to "order [her] release or, at minimum, order a bond hearing, and to stay [her] removal while this petition is decided." Petition at 2; *see also id.* at 4–5.

On April 30, based on its initial findings of a probability of success on the merits and numerous forms of irreparable harm, this court immediately issued emergency relief maintaining the status quo and setting a schedule for an opposition and a hearing on the Application. On May 6, the government filed an Answer to Petition for Writ of Habeas Corpus and Response to Application, which states:

> The Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the "expeditious resolution" of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter.

("Response") [Dkt. 11].

---

| | | |
|---|---|---|
| Page 1 of 4 | CIVIL MINUTES – GENERAL | Initials of Deputy Clerk DT |

The Court can grant the PI Application and Petition solely on the basis of the government's failure to oppose it. *See* C.D. Cal. L.R. 7-12. But the Court is also satisfied that the appropriate standard is met here.

Petitioner is a native of Nicaragua. Petition at 1–2. She entered the US in January 2023 in Texas, was issued a Notice to Appear charging her as removable, but was not detained. *Id.* at 2. She has no criminal record. *Id.* at 3, Ex. 6. She eventually applied for asylum and related relief, and had a merits hearing on her asylum, withholding, and CAT claims on January 22, 2026, at which the Immigration Judge ("IJ") dismissed all her claims. Petition at 1, 3, Ex. 1. She has been detained at the Adelanto ICE Processing Center since January 23. Petition at 1, 3, Ex. 2. She filed for a bond hearing on February 12, 2026, but has not yet had one. Petition at 3, Ex. 5.

Petitioner argues, among other things, that her detention without a bond hearing violates due process. Petition at 4 (claim three). The Court agrees. The Due Process Clause extends to noncitizens present in the United States. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). In analyzing what it requires, courts balance three factors: (i) the private interest, (ii) the risk of an erroneous deprivation and the value of additional procedures sought, and (iii) the government's interest, including the burdens associated with the additional procedures sought. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) (collecting cases applying this test in the immigration context).

Freedom from detention "lies at the heart" of the liberty the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Even individuals with significant constraints on their liberty (or over whose liberty the government wields significant discretion) retain a protected interest in their liberty. *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017) (pre-parole conditional supervision); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probation); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parole). The government's decision to release someone from custody—even if that decision is discretionary—creates "an implicit promise" that their liberty "will be revoked only if [they] fail[] to live up to the . . . conditions [of release]." *Morrissey*, 408 U.S. at 482.

Here, Petitioner was released into the United States after her initial contact with ICE in 2023, reflecting a determination that she was neither a flight risk nor a danger to the community and creating that "implicit promise." *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025). She has established a life in the United States in the three years since. She has no criminal history, and Respondents do not argue that she violated any conditions of her release. She thus has a substantial interest in freedom from detention. *See id*. at 1032; *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025); *Ortega*, 415 F. Supp. 3d at 970; *Morrissey*, 408 U.S. at 482.

The Due Process Clause generally "requires some kind of a hearing *before* the State deprives a person of liberty." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis added). Where, as here, "[the petitioner] has not received any bond or custody . . . hearing," "the risk of an erroneous deprivation [of liberty] is high" because neither the government nor Petitioner has had an opportunity to determine whether there is any valid basis for detention. *Singh v. Andrews*,

803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025).  Civil immigration detention is permissible only to prevent flight or protect against danger to the community.  *See Zadvydas*, 533 U.S. at 690.

The government has offered no evidence that Petitioner's detention would serve either purpose, and the evidence before the Court suggests it may have difficulty establishing such a basis.  Given that Petitioner was already detained for over three months without a bond hearing, requiring only a post-detention bond hearing would substantially risk that Petitioner will be detained without any valid purpose for an indefinite and unreasonable period of time.  But the procedural safeguard of a pre-detention hearing will have significant value in helping ensure that any future detention has a lawful basis.

And there is no countervailing government interest supporting conducting a bond hearing only after detention, rather than before.  Respondents have articulated no such interest to this Court.  Indeed, the circumstances suggest that Petitioner poses neither a danger to the community nor a flight risk requiring immediate action.  *See Jorge M.F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021). "[D]ue process requires the government to identify some interest beyond its [existing] administrative practices to justify depriving an individual of her liberty without any pre-deprivation protections.  Detention for its own sake, to meet an administrative quota, or because the government has not yet established constitutionally required pre-detention procedures is not a legitimate government interest." *Pinchi*, 792 F. Supp. 3d at 1036.

In summary, given the government's non-opposition, and the Court's independent findings concerning the merits of Petitioner's requests, the Court **grants** both Petitioner's Application and the Petition for Writ of Habeas Corpus.  **It is hereby ordered** that Respondents:

1. Release Petitioner from their custody forthwith;
2. Restore Petitioner to the status quo prior to her re-detention by reinstating her prior order of supervision without any additional release restrictions; and
3. Disseminate this Order to the immigration agents in charge of processing Petitioner, place a copy of this Order in the Petitioner's A-File, and provide Petitioner a physical copy of the Order.[1]

---

[1] Petitioner also requests that her "case be sent back to the Immigration Court for a real hearing." *Id.* at 2; *see also id.* at 4–5.  This request is based on her argument that, at her merits hearing on her asylum, withholding, and CAT claims on January 22, 2026, the IJ erred in applying the Asylum Cooperative Agreement to her claims without giving her or her attorney an opportunity to argue or present evidence.  Petition at 1, 3–4, Ex. 1.

The record is not especially well-developed with respect to this argument, and it may be better presented to the Board of Immigration Appeals ("BIA")—indeed, Petitioner has already appealed the IJ's order to the BIA, Petition at 3, Exs. 1, 3, 4—and then to the Ninth Circuit.  *See* 8 U.S.C. § 1252(b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."); (b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien

---

The parties are ordered to file, within **three** days of this Order, a joint report regarding the status of compliance with these mandates.


**IT IS SO ORDERED.**

---

from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact."); (d) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"); (g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").  The Court thus declines to rule on it now.

---